UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN PAGENDARM,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

Case No. 5:17-cv-04131-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Re: Dkt. No. 17

## I. INTRODUCTION

Plaintiff John Pagendarm ("Plaintiff") brings this action for declaratory, injunctive and monetary relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. Defendant Life Insurance Company of North America ("Defendant") moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendant's motion to dismiss is granted.

## II. BACKGROUND[1]

Plaintiff is a 54-year old male who resides with his wife in Campbell, California. In 1988, Plaintiff was hired into a product development position at Southwall Technologies, Inc. ("Southwall") and shortly thereafter started running a lab to support product development.

---

[1] The Background summarizes the allegations in the complaint. All well-pleaded facts in the complaint are accepted as true for purposes of adjudicating the instant motion.

CASE NO.: 5:17-CV-04131-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

In August 1999, Plaintiff was involved in an accident in the Grand Teton National Park. He fell head-first onto a boulder and had his head wedged into a crevice. Plaintiff suffered severe traumatic brain injury ("TBI"), despite the fact that he was wearing a helmet. Plaintiff remained in a coma for approximately a month following the accident. After emerging from the coma, Plaintiff began extensive physical therapy and rehabilitation.

In early 2000, Plaintiff was still suffering from severe cognitive impairments and TBI-related fatigue. Nevertheless, Plaintiff returned to Southwall to perform a modified job on a reduced schedule. According to Plaintiff and his family, Plaintiff's return to work was made possible by his good relationship with his boss and the fact that Plaintiff returned to the lab he had created and was being run by people who he had trained.

In 2003, Plaintiff was laid off as part of a reduction in force. After being unemployed for two years and taking classes to become a Certified Reliability Engineer, Plaintiff was hired in 2005 by United Defense Industries as a Bradley Fighting Vehicle Reliability Engineer. United Defense Industries was later acquired by BAE System, Inc. ("BAE") and Plaintiff continued his employment with BAE for several years. At BAE, Plaintiff participated in his company's ERISA benefits plan, including the long-term disability ("LTD") plan. The plan was insured and administered by Defendants.

In 2014, Plaintiff was out hiking when he came across a man collapsed on the trail. Plaintiff performed CPR, but the man did not survive. Following this incident, Plaintiff began exhibiting symptoms of panic, emotional lability and post-traumatic stress disorder ("PTSD"). He also experienced a sudden episode of suicidal thoughts that resulted in a deterioration of self-care skills and a large weight gain.

In January 2014, Plaintiff's doctor, Dr. Kiernan, placed Plaintiff on short-term disability leave based upon his cognitive disorder due to head injury. Dr. Kiernan later cleared Plaintiff to return to work part-time with the restriction that he was to perform only one task at a time. Upon returning to work, Plaintiff was unable to communicate effectively with others and could not do

CASE NO.: 5:17-CV-04131-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

2

his job well or without mistakes.

In approximately 2015 or 2016, Plaintiff's job changed so that Plaintiff was required to work on the entire Bradley Fighting Vehicle instead of only one part of the Vehicle as he had done in the past.

In March 2016, Plaintiff's TBI-related symptoms forced him to cease working. On August 11, 2016, Plaintiff's treating psychiatrist, Dr. Gayle Hylton, noted that Plaintiff's coping skills at work were losing effectiveness and that Plaintiff was not as capable of coping with day-to-day stress.

Plaintiff applied for LTD benefits. In a letter dated November 17, 2016, Defendant denied Plaintiff's claim on the grounds that he had failed to establish any impairment that would preclude him from performing his job. In order to provide Defendant with evidence of his cognitive impairments, Plaintiff underwent an neuropsychological evaluation by Dr. Alexis Smith-Baumann, who diagnosed Plaintiff as having a cognitive disorder due to traumatic brain injury and PTSD in partial remission.

On May 9, 2017, Plaintiff appealed the denial of his claim. By letter dated June 23, 2017, Defendant informed Plaintiff that it had reversed its decision and now agreed that he was disabled, stating, "a determination has been made that the prior decision should be overturned. This means that you are entitled to benefits payable under the policy as long as you continue to meet the terms and conditions of the policy."[2]

On July 11, 2017, Plaintiff received a second letter stating that Plaintiff's "claim for long term disability benefits" had been "overturned on appeal."[3] Defendant also informed Plaintiff that the 24-month mental illness limitation applied to Plaintiff's claim. The letter stated in pertinent

---

[2] The Court takes judicial notice of the June 23, 2017 letter, which is referenced in the complaint and relied upon by Plaintiff, and is attached as Exhibit 4 to the Declaration of Richard Lodi in Support of Defendant's Motion (Dkt. No. 17-2).
[3] The Court takes judicial notice of the July 11, 2017 letter, which is referenced in the complaint and relied upon by Plaintiff, and is attached as Exhibit 5 to the Declaration of Richard Lodi in Support of Defendant's Motion (Dkt. No. 17-2).

CASE NO.: 5:17-CV-04131-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

3

part as follows:

> According to medical information on file, the primary diagnosis is post-traumatic stress disorder. Therefore, [the 24-month mental illness limitation] applies to [Plaintiff's] claim and benefits will cease as of September 25, 2018 provided he remain totally disabled due to this condition.
>
> We will continue to monitor his claim, and periodically, we will request updated information to confirm his restrictions and limitations. Please be aware that payment of future benefits will depend on confirmation of continuing disability status, and on other applicable contract provisions.

The letter also notified Plaintiff that a check had been sent to his counsel's office for benefits due as of September 26, 2016 and that his monthly benefit check would be $3,771.00.

Plaintiff initiated this suit on July 21, 2017. Plaintiff alleges that Defendant violated the terms of the policy by approving benefits subject to the 24-month mental illness limitation instead of approving benefits without limitation. Plaintiff seeks an order requiring Defendant to pay LTD benefits without limitation, as well as prejudgment interest, attorneys' fees and costs.

## III. DISCUSSION

Defendant moves to dismiss the complaint for lack of subject matter, arguing that Plaintiff has not met the "injury in fact" requirement, lacks standing and his claim is not ripe. Defendant reasons that Plaintiff is presently receiving benefits and his claim is premature unless and until Defendant denies Plaintiff benefits. Defendant also asserts that Plaintiff has failed to exhaust his administrative remedies. In support of the motion, Defendant has submitted a copy of a letter from Defendant to Plaintiff's counsel dated October 23, 2017, stating that the July 11, 2017 letter was not intended to be a decision denying benefits.

Plaintiff objects to any consideration of the October 23, 2017 letter as being beyond the scope of the pleadings and opposes dismissal for several reasons. First, Plaintiff contends that ERISA explicitly authorizes his suit to "clarify his rights to future benefits." 29 U.S.C. §1132(a)(1)(B). Plaintiff seeks clarification that he is entitled to an award of benefits based on a

CASE NO.: 5:17-CV-04131-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

4

physical disability instead of based upon the mental illness provision of the policy.  Second, Plaintiff contends that he could not delay suit because of the contractual statute of limitations provision, which provides that "no action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished." [4]  Third, relying on the July 11, 2017 letter, Plaintiff contends Defendant repudiated liability based on a physical impairment.  Fourth, Plaintiff contends that he has sufficiently alleged Article III standing and an "injury in fact" because the July 11, 2017 letter clearly stated that his "benefits will cease as of September 25, 2018."  Fifth, Plaintiff asserts that he has exhausted his administrative remedies by appealing the November 17, 2016 denial of benefits and further exhaustion would be futile.

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of a suit for lack of subject matter jurisdiction.  "Because standing and ripeness pertain to federal court's subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." Chandler v. State Farm. Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).  When responding to a motion to dismiss for lack of subject matter jurisdiction where the issues of jurisdiction and substance are not intertwined, the plaintiff bears the burden of proof.  Id.  If a factual attack to subject matter jurisdiction is made, such as in this case, the court may consider extrinsic evidence, and if the evidence is disputed, weigh the evidence and determine the facts. See Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) ("[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.").

When a factual attack to subject matter jurisdiction is made and the motion is resolved without an evidentiary hearing, such as in this case, the allegations in the complaint are accepted as true.  See McLachlan v. Bell, 261 F.3d 908, 909 (9th Cir. 2001).  Further, without an

---

[4] The Court takes judicial notice of the group long term disability benefits policy for employees of BAE Systems, Inc., which is referenced in the complaint and relied upon by Plaintiff, and is attached as Exhibit 1 to the Declaration of Richard Lodi in Support of Defendant's Motion (Dkt. No. 17-2).

CASE NO.: 5:17-CV-04131-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

5

evidentiary hearing, the plaintiff need only establish a *prima facie* case of jurisdiction. Societe de Conditionnement en Aluminum v. Hunter Eng. Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981). In the context of this lawsuit, a *prima facie* showing means that Plaintiff has produced admissible evidence, which, if believed, would be sufficient to demonstrate that Plaintiff has suffered an injury in fact, has standing and that his claim is ripe.

To establish a "case or controversy" within the meaning of Article III of the United States Constitution, a plaintiff must show, among other things, an "injury in fact." Spokeo, Inc. v. Robins, -- U.S. --, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). To establish an "injury in fact," Plaintiff must show he suffered an "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 1548.

Here, Plaintiff cannot make a *prima facie* showing that he has suffered an injury that is sufficiently "concrete" to confer standing at present. Plaintiff alleges in his complaint that his right to LTD benefits has been violated. This conclusory allegation, unsupported by facts, need not be accepted as true. Moreover, the allegation is demonstrably false based upon the July 11, 2017 letter granting Plaintiff disability benefits, albeit under the mental disability provision. Plaintiff next argues that the July 11, 2017 letter should be construed as a denial of benefits for his claimed physical impairment because the letter recited that "benefits will cease" at the end of the 24-month mental illness limitation period. Plaintiff's interpretation of the July 11, 2017 letter is not reasonable. The July 11, 2017 letter does not mention, much less address Plaintiff's claim for benefits based upon a physical impairment. To the extent the July 11, 2017 letter is arguably vague or ambiguous, the October 23, 2017 letter from Defendant's counsel to Plaintiff counsel clarifies that Defendant has not made a final determination as to Plaintiff's eligibility for long term benefits, stating as follows:

> This is in regards to the Long Term Disability claim for [Plaintiff]. In our letter dated July 11, 2017, we notified you of the appeal overturn decision as well as information regarding the Mental Illness provision. . . . This letter was not intended to be an initial decision denying benefits to [Plaintiff]. We wanted to make you and your client aware of the 24 month provision as well as our ongoing claim

> management. We will continue to monitor your client[']s claim, and periodically, we will request updated information from all treating Health Care Professionals for review. These reviews consider all disabling conditions that would prevent your client from returning to work in his occupation or any occupation. Should your client meet the definition of disability in any occupation due to a physical impairment, benefits may continue beyond September 25, 2018.

Declaration of Monique Tokay In Support of Defendant's Motion to Dismiss (Dkt. 17-8). The possibility that Defendant might terminate benefits in the future is too conjectural to establish an "injury in fact" at present. Further, the statutory right to sue conferred by ERISA is insufficient to confer Plaintiff standing in the absence of an "injury in fact." "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Raines v. Byrd, 521 U.S. 811, 820, n. 3 (1997).

In the absence of subject matter jurisdiction, the Court declines to address Plaintiff's remaining arguments.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED. The case is ordered dismissed for lack of subject matter jurisdiction, without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 15, 2017

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:17-CV-04131-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT